34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry COOPER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-5334, 94-5436.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Larry Cooper appeals a district court judgment dismissing his motion construed as one to vacate sentence filed under 28 U.S.C. Sec. 2255. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cooper filed his motion to vacate sentence or, in the alternative, petition for writ of error coram nobis in the district court alleging: (1) that his 1983 guilty plea to receiving and transporting stolen goods in interstate commerce was involuntary due to ineffective assistance of counsel; and (2) the indictment upon which his conviction is based was defective. The district court denied petitioner's motion without requiring a response from the government. Petitioner filed a "motion for rehearing and notice of appeal" which was construed as a notice of appeal and docketed in this court in Case No. 94-5334. Thereafter, the district court addressed and denied the motion for rehearing, and plaintiff filed a second notice of appeal docketed in this court in Case No. 94-5436.
 
 
 3
 Upon consideration, we conclude that the appeal in Case No. 94-5334 must be dismissed because petitioner's "motion for rehearing and notice of appeal" evinces only a conditional intent to appeal the district court's judgment should it deny petitioner's motion for relief from the judgment. See Fed.R.App.P. 3(c). Moreover, we will affirm the judgment of the district court in Case No. 94-5436 for reasons other than those stated by the district court. See Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993). We construe petitioner's pleading as a petition for a writ of coram nobis rather than a motion to vacate sentence under Sec. 2255 because petitioner alleges that his sentence has expired. See United States v. Drobny, 955 F.2d 990, 996 (5th Cir.1992). Generally, the extraordinary writ of coram nobis may issue only where a petitioner shows a mistake of fact unknown at the time of the original proceeding of a fundamentally unjust nature which probably would have changed the outcome of the challenged proceeding. Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam). Here, petitioner alleged no claim that would warrant relief.
 
 
 4
 For the foregoing reasons, the appeal in Case No. 94-5334 is dismissed for lack of appellate jurisdiction, and the judgment of the district court on appeal in Case No. 94-5436 is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.